IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

(MIAMI DIVISION)



FILED BY _____ D.C.

MAR 1 2 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

NORMAN E. ROBINSON,

    Plaintiff,                                      Case No.:    20cv60533 Bloom

v.                                                BIVENS

BARRY M. SABIN, et. al.,                  42 U.S.C. 1983

    Defendant(s).

_____/

COMES NOW, Plaintiff, Norman E. Robinson, appearing pro-se, and hereby respectfully moves this Honorable Court, pursuant to 42 U.S.C. 1983, for a colorable claim under the Bivens Act. In support, of this request Plaintiff will show the Court the following:

INTRODUCTION

In March of 1995, a grand jury sitting in Fort Lauderdale, Broward County, in the Southern District of Florida returned an indictment charging Robinson and two (2) other defendant's with 21 U.S.C. 841(a)(1)/846 and 853 Conspiracy to posses w/intent to distribute crack cocaine, neither count charged a threshold amount of substance. In addition, for the reasons set for in more detail in this Complaint the indictment is silent of any amount of crack cocaine. The District Court's description of the Statute 21 U.S.C. 841(a)(1) has been ignored as to the penalty provision that Congress intended. The construction and language of this Statute is federal law and procedure and is obligated to adequate preparation which the Sixth Amendment Guarantees to all individuals. The criteria of the indictment determination distinquished the original charges return by the grand jury to the District Court Judge whom potentially abused his discretion by "adopting" the

PSR and enforcing a drug amount inconsistence with the original indictment and/or petit jury at trial the jury verdict form is silent of any drug amount as well as the indictment, this type of behavior has gone on much to long. The unprofessional conduct in this case driven by Barry M. Sabin and the United States Probation Office (USPO) conveniently influence the District Court to impose the maximum Sentence to Robinson, Turner and Burns where the "{S]tatute in and of itself does not include the ... maximum penalty for the offense Robinson faced while on trial.

PROVISIONS OF 21 U.S.C. 841(A)(1)

The irrespective of the drug quantity mention in the PSR and used to determine the base offense level (BOL) at sentencing, It is not the quantity alleged in the PSR or found by the Judge at sentencing. This has always been and remains the law. Congress states no Statute inactive by Congress has ever directed Court's to use uncharged Judge-found facts by a preponderance of ... evidence to increase the statutory range has always been unconstitutional. Plaintiff received the maximum sentence based on fact findings by the PSR and the Judge at sentencing ... Congress assumed to intended it's laws comply with the Constitution. Here, Plaintiff and two (2) other defendant's were charged and sentenced to the maximum penalty where the sentencing Court had full knowledge of Congress intent using uncharged fact findings by the PSR is an act of law that violates the Statute and indictment. Notably, Plaintiff's original sentenced was unlawfully imposed. However, Judge Ryskamp did erroneously imposed the maximum penalty based on the PSR recommendation "when Congress had already stated this has always been the law. It is important to noted, Plaintiff was originally sentenced to a total term of mandatory life imprisonment without the possibility of parole when in fact federal law precludes such unprofessional conduct without any threshold amount.

THE SIXTH AMENDMENT

The Sixth Amendment provides that the "accused" have the right to a trial by an impartial jury. This right is in conjuction with the due process clause requiring that each element of a crime be proven to a jury and found beyond a reasonable doubt. The substance and scope of this right depends upon the Sixth Amendment right to trial and the enforcement of the indictment. The historic link between Statutes and Penalties are based on the indictment and it's "elements of the offense" be proven to

the petit jury beyond a reasonable doubt. Moreover, any fact that increase the prescribed statutory maximum must be an element of the offense found by a jury. Turning to the case at bar, Plaintiff was exposed to the maximum penalty from these well-known recognized principles followed by well established law regarding indictments. Further, because the indictment (in this case) is absence of any amount and the petit jury never convicted beyond a reasonable doubt. Plaintiff was illegally convicted for crime(s) never charged in violation of the Sixth Amendment.

## ARGUMENT

The Statute 21 U.S.C. 841(A)(1) as define by Congress the calculated offense does not comply with the plain language of the Statute of pending provisions. No specific quantity of crack cocaine was ever listed in violation of 21 U.S.C. 841(A)(1) it establish that when a statute language is plain the sole function of the Court is to enforce it according to it's terms, by way of the indictment 21 U.S.C. 841 (A)(1) is original and compelling which authoritatively interpreted in applying the Sixth Amendment the quantity of crack cocaine charged by the grand jury and found by the petit jury at trial dictates the offense of conviction and corresponding statutory penalties is a specific legal consequences the statutory minimum and maximum penalties 21 U.S.C. 841 are based on the amount charged in the indictment by the grand jury. It would be inconsistent with the plain language of the Statute and settled principle of Statutory interpretation that would result in violation of the U.S. Constitution laws by way of Statute and penalty provisions. Thus, allowing Plaintiff to move forward to is in violation of his right to stand trial is in violation of the Constitution of the United States.

The drug quantity mentioned in Plaintiff's Pre-sentence Investigation Report ("PSR") was used to Determine the base offense level (BOL) during the sentencing hearing in a range of 10 years to life by the Statute of law 21 U.S.C. 841(A)(1) does not carry the penalty that's introduce by Statute or it's provisions. In any event, clearly the 61.4 grams found by the sentencing Judge by a preponderance of the evidence cannot be the triggering mechanism and ... pursuant to 21 U.S.C. 841(A)(1) the indictment is silent of this amount and because the petit jury never found the 61.4 grams beyond a reasonable doubt Plaintiff was erroneously sentenced to the maximum penalty provided by law. Plaintiff suggest the emphasis of law and the safe guard to stand trial is in question, 'because he has (now) served 25.5 years of his life based on a CORRUPT system and overzealous prosecutors and influence the balance of

Law and contradiction with the power of persuasion is documented in every statement made by Plaintiff are effected by trial documentation not reserved by the U.S. Constitution.

## AFFIDAVIT

Chapter 9, of the Sworn Affidavit states Cornhead (Robinson) produced a clear bag with one hundred (100) pieces and counted out fifty (50) rocks. The C.I. paid Robinson cornhead $500.00 on February 17, 1995, chapter 13 of the Affidavit stated the CI provided Robinson with the so-called previously described $1,000 in government funds. After a review of the Affidavit where the CI admitted on February 13 thur 17, 1995, respectively, in both Controlled buys Robinson collected the money and Robinson sold the drugs. This anticipated language clearly show that if Robinson sold the drugs and collected the money this is "ONLY" constitutes a buyer sellers agreement and does not fall under 21 U.S.C. 846.

Nevertheless, Task Force Agent (TFA) Douglas R. Williams sworn affidavit will show the Court how far agents and prosecutors will go for personal gain. The function of the indictment and/or sworn affidavit is apart of the record as required by law, Plaintiff moving forwarded proceeded to trial thereafter the government's key witness changed his testimony from Robinson being the person who sold the drugs and collected the money to among another individual ... Tracy Topaz Turner as the person whom sold him the drugs and Robinson collected the money contradicts the testimony to the grand jury by Task Force Agent (TFA) Charles R. Osgood.

## GRAND JURY TESTIMONY

On March 1, 1995, TFA Charles R. Osgood mislead a federal grand jury to believe that Robinson, Turner and Burns were present during two (2) controlled purchases on February 13 thur 17, 1995, respectively. It should be noted, Turner was never present on February 13, 1995 and known as an individual named bubble eye. Additionally, Clinton Burns, III., was never present at the target premises on neither date in question the perjured testimony initiated by TFA Osgood with the assistance of AUSA Barry M. Sabin. The government knowingly used perjury testimony before a federal grad grand in Fort Lauderdale to secure an indictment regarding this false information ... Plaintiff later proceeded to trial and the government impeached it's own witness during the trial held on June 27 thur 30, 1995, respect-

ively.

PUNISHMENT

In this case, Plaintiff was only charged with 21 U.S.C. 841(a)(1) and 846 the indictment is silent of any amount. See generally indictment. And the Petit Jury never convicted Robinson of 841(b)(1)(A) or (b)(1)(B) beyond a reasonable doubt. As a result, Judge Ryskamp lacked jurisdiction to impose an enhanced sentenced pursuant to 21 U.S.C. 851/841(b)(1)(C).

CONGRESS

As an initial matter of law, no Statute enacted by Congress has ever directed Court's to use uncharged Judge-found-facts by a preponderance of the evidence in order to set a statutory range. In short, the statutory penalities may only be Constitutionally based on facts charged as an "element" of the charged offense and found by a jury beyond a reasonable doubt. Clearly, then the 61.4 grams found by the sentencing Court by a preponderance of the evidence cannot be the triggering mechanism for a determination of the statutory minimum or maximum is a pure form to be determined by the petit jury and these facts cannot be recommended by the PSR and "adopted" by the District Judge when the indictment is absence of any amount.

Nonetheless, the Sixth Amendment to the U.S. Constitution provides: that the accused have the right to trial by an impartial jury. This right is in conjuction with the Due Process Clause requiring that each element of the charged crime be proven to a jury and found beyond a reasonable doubt. The substance and scope of this right, proceeded to a grand jury without returning an amount and this matter later proceeded to trial and the petit jury returned a verdict of ZERO amount of crack-cocaine. See generally Jury Verdict Form. Case-in-point, the fundamental principle in this case is that Plaintiff and Burns were sentenced to the maximum penalty provided by law without any specific amount where the Statute in the indictment did not impose.

Plantiff ... suggest(s) it is important to note, Title 21 U.S.C. 841(a)(1) does not carry a maximum penalty. In any event, Robinson has (now) served 25.5 years imprisonment based on a defected indictment using uncharged Judge found facts to erroneously increase his statutory range to life imprisonment can "ONLY" be resolved in the following manner as discussed BELOW:

## COMPENSATION

Plaintiff seeks compensation in the amount of ten (10) million in United States Currency for this unlawful detention he suffered on an indictment that was never intended by Congress on a statutory range never charged and found by a jury beyond a reasonable doubt. This case represents nothing less then an over-kill by an over-zealous prosecutor only out to seek a conviction

## CONCLUSION

WHEREFORE, Plaintiff, Norman E. Robinson, respectfully pray(s) that this Honorable Court Grant his colorable claims pursuant to Bivens under Title 42 U.S.C. 1983 for ALL the reason(s) enumerated in this Motion with the attached Exhibit's.

Respectfully Submitted,

*/s/ Norman E. Robinson*

Norman E. Robinson

720 Northwest 15th Terrace.

Fort Lauderdale, Florida. 33311

Pro-se Litigant.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that a true and exact copy of the foregoing "Motion pursuant to Bivens 42 U.S.C. 1983" has been furnished via U.S. Mail postage pre-paid to cause delivery this 3-12-2020 day of March, 2020 A.D. to the following:

U.S. Department of Justice

United States Attorney's Office

Southern District of Florida

500 East Broward Blvd. 7th Floor.

Fort Lauderdale, Florida. 33394

By: *[signature]*

Norman E. Robinson, pro-se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

95-6031

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. ~~CR-HURLEY~~ |
| v. | 21 USC ~~846~~ |
| NORMAN ROBINSON, | 21 USC 841(a)(1) |
| a/k/a Corn Head, | 21 USC 853 |
| TRACY TOPAZ TURNER, | 18 USC 2 |
| a/k/a Tony Brow, | |
| a/k/a Tony Brown, | |
| a/k/a Tracy Thomas, and | |
| CLINTON BURNS, | |
| a/k/a Big Red | INDICTMENT |

The Grand Jury charges that:

## COUNT I

From on or about February 13, 1995, to on or about February 17, 1995, the exact dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

NORMAN ROBINSON,
a/k/a Corn Head,
TRACY TOPAZ TURNER,
a/k/a Tony Brow,
a/k/a Tony Brown,
a/k/a Tracy Thomas, and
CLINTON BURNS,
a/k/a Big Red,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule II

narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine containing cocaine base, that is, crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT II

On or about February 13, 1995, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> NORMAN ROBINSON,
> a/k/a Corn Head,
> TRACY TOPAZ TURNER,
> a/k/a Tony Brow,
> a/k/a Tony Brown,
> a/k/a Tracy Thomas, and
> CLINTON BURNS,
> a/k/a Big Red,

did knowingly and intentionally possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine containing cocaine base, that is, crack cocaine; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT III

On or about February 17, 1995, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> NORMAN ROBINSON,
> a/k/a Corn Head,
> TRACY TOPAZ TURNER,

- 2 -

>                a/k/a Tony Brow,
>                a/k/a Tony Brown,
>             a/k/a Tracy Thomas, and
>                 CLINTON BURNS,
>                 a/k/a Big Red,

did knowingly and intentionally possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine containing cocaine base, that is, crack cocaine; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT IV

Upon conviction of the defendants,

>                NORMAN ROBINSON,
>                 a/k/a Corn Head,
>               TRACY TOPAZ TURNER,
>                 a/k/a Tony Brow,
>                a/k/a Tony Brown,
>             a/k/a Tracy Thomas, and
>                 CLINTON BURNS,
>                 a/k/a Big Red,

of any of the offenses set forth in counts I, II, and III of this Indictment, the United States shall be entitled to the forfeiture of, and the defendants,

>                NORMAN ROBINSON,
>                 a/k/a Corn Head,
>               TRACY TOPAZ TURNER,
>                 a/k/a Tony Brow,
>                a/k/a Tony Brown,
>             a/k/a Tracy Thomas, and
>                 CLINTON BURNS,
>                 a/k/a Big Red,

shall forfeit to the United States all property, profits, and

- 3 -

proceeds of property and profits obtained directly or indirectly as a result of such violations; and shall forfeit all property used, and intended to be used in any manner or part, to commit and to facilitate the commission of such violations.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
KENDALL COFFEY
UNITED STATES ATTORNEY

_____
BARRY M. SABIN
ASSISTANT UNITED STATES ATTORNEY

- 4 -

AO 156 — Verdict

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA

    Plaintiff,

V.

NORMAN ROBINSON,
TRACY TOPAZ TURNER,
CLINTON BURNS

    Defendants.

**VERDICT**

Case Number: 95-6031-CR-HURLEY
(RYSKAMP)

FILED '95 JUN 30 P 5:07

We, the Jury, find the Defendant, NORMAN ROBINSON,

as to Count I:    GUILTY __X__    NOT GUILTY _____

as to Count II:    GUILTY __X__    NOT GUILTY _____

as to Count III:    GUILTY __X__    NOT GUILTY _____

B12

We, the Jury, find the Defendant, TRACY TOPAZ TURNER,

| | | |
|---|---|---|
| as to Count I: | GUILTY __X__ | NOT GUILTY _____ |
| as to Count II: | GUILTY __X__ | NOT GUILTY _____ |
| as to Count III: | GUILTY __X__ | NOT GUILTY _____ |

We, the Jury, find the Defendant, CLINTON BURNS,

| | | |
|---|---|---|
| as to Count I: | GUILTY __X__ | NOT GUILTY _____ |
| as to Count II: | GUILTY __X__ | NOT GUILTY _____ |
| as to Count III: | GUILTY __X__ | NOT GUILTY _____ |

SO SAY WE ALL.

_Arnold F. O'Brien_  
Foreperson's Signature

_6/30/95_  
Date

GERALD F. O'BRIEN  
Foreperson Print Name

IB12